# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALFREDO ORTIZ,
　　　　　Appellant,

　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
DA-0752-19-0337-I-1

DATE: July 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose Menchaca</u>, San Antonio, Texas, for the appellant.

<u>Austin D. Black</u>, Esquire, and <u>Richard G. Saliba</u>, Esquire, Dallas, Texas,
　　for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

As correctly explained in the initial decision, to establish the Board's jurisdiction in a constructive suspension appeal, an appellant must prove, among other things, that he lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived him of that choice. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 5; *see Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶9 (2016); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013); *see also* 5 C.F.R. § 1201.56(b)(2)(i)(A) (providing that the appellant has the burden of proof regarding jurisdictional issues).[2] In such an appeal, an appellant is entitled to a jurisdictional hearing if he makes a nonfrivolous allegation[3] of Board jurisdiction. ID at 4; *see Thomas*, 123 M.S.P.R. 628, ¶ 11.

For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous

---

[2] The appellant does not dispute, and we discern no reason to disturb, the administrative judge's finding that the appellant has adverse-action appeal rights under 5 U.S.C. chapter 75 because he is a preference-eligible Postal Service employee who has completed 1 year of current continuous service in the same position. ID at 3-4; *see Henderson v. U.S. Postal Service*, 95 M.S.P.R. 454, ¶ 4 (2004).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

allegation of the Board's jurisdiction over the appealed matter as a constructive suspension. ID at 5-6. Specifically, she found that, although he nonfrivolously alleged that he lacked a meaningful choice as to his absence, he failed to nonfrivolously allege that his absence was due to the agency's wrongful actions. *Id.*; *see Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 9 (2014) (concluding that the Board lacked jurisdiction over the constructive suspension appeal because, although the agency's decision not to return the appellant to work with medical restrictions deprived him of a meaningful choice in the matter, the agency did not act improperly in refusing to allow him to return to work).

On petition for review, the appellant argues that the Board has jurisdiction over this constructive suspension appeal because he was forced to use sick leave for more than 14 days, citing *Rutherford v. U.S. Postal Service*, 112 M.S.P.R. 570 (2009), *overruled by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014). Petition for Review (PFR) File, Tab 1 at 3. In *Rutherford*, the Board found that the appellant made a nonfrivolous allegation of jurisdiction over a constructive suspension appeal that concerned the agency's termination of her light-duty assignment and subsequent enforced leave action. *Rutherford*, 112 M.S.P.R. 570, ¶¶ 2, 8-9, 15. The Board overruled *Rutherford* in *Abbott*, which clarified that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction that should not be adjudicated using the jurisdictional framework for constructive suspensions. *Abbott*, 121 M.S.P.R. 294, ¶¶ 9-10.

For the following reasons, we find *Rutherford* factually distinguishable from the instant appeal. Here, unlike in *Rutherford*, the agency did not terminate a light-duty assignment that the appellant had been performing or subject him to an enforced leave action. *Cf. Rutherford*, 112 M.S.P.R. 570, ¶¶ 2, 8. Instead, the appellant sought to return to work with medical restrictions after being absent on approved leave to recover from an off-the-job injury. ID at 2; IAF, Tab 1 at 6, Tab 7 at 15, Tab 14. Under the circumstances of this appeal, we find that the

administrative judge properly adjudicated the appealed matter as an alleged constructive suspension and found the enforced leave analysis inapposite. ID at 4 n.1; *see Romero*, 121 M.S.P.R. 606, ¶ 8. Moreover, the appellant's argument that he was forced to take leave when he sought to return to work and was prevented from doing so for more than 14 days does not render the matter an appealable suspension under *Abbott* rather than a constructive suspension under *Bean*. *See Romero*, 121 M.S.P.R. 606, ¶ 9 n.2 (rejecting such an argument in a constructive suspension appeal).

The appellant further argues on review that the agency wrongly required him to submit additional medical documentation and refused to return him to work. PFR File, Tab 1 at 3. When an employee voluntarily takes leave, an agency may properly refuse to allow him to resume working if he does not satisfy the agency's conditions for returning to work. *Rosario-Fabregas v. Merit Systems Protection Board*, 833 F.3d 1342, 1347 (Fed. Cir. 2016). In those circumstances, the agency's refusal to allow the employee to return to work does not amount to a constructive suspension. *Id.*

In finding that the appellant failed to nonfrivolously allege that his absence was due to a wrongful agency action, the administrative judge relied on sections 865.1 and 865.3 of the agency's Employee and Labor Relations Manual (ELM). ID at 6; IAF, Tab 11 at 14-15. The appellant does not dispute that he is covered by such ELM sections. PFR File, Tab 1. Among other things, ELM sections 865.1 and 865.3 provide that management can require employees who have been absent for medical reasons to submit detailed medical documentation in order to clear their return to work when management has a reasonable belief, based upon reliable and objective information, that the employee may not be able to perform the essential functions of his position. IAF, Tab 11 at 14-15. ELM section 865.1 further provides that the decision to clear an employee to return to work rests with management. *Id.* at 14.

As discussed in the initial decision, when the appellant initially sought to return to work after recovering from an off-the-job injury, he gave the agency a physician's note certifying that he was restricted from lifting more than 25 pounds.  ID at 2; IAF, Tab 1 at 6, Tab 7 at 15.  The agency did not allow him to return to work, but his supervisor told him what medical documentation he needed to obtain from his physician for clearance to return to work.  ID at 2; IAF, Tab 8 at 3.  The appellant subsequently gave the agency a Work Restriction Evaluation Form in which his physician again certified that he was restricted from lifting more than 25 pounds.  ID at 2; IAF, Tab 7 at 16.  The job description for the appellant's City Carrier position states that an incumbent "[m]ay be required to carry mail weighing up to 35 pounds in shoulder satchels or other equipment and to load or unload container[s] of mail weighing up to 70 pounds."  ID at 5; IAF, Tab 7 at 31.  The administrative judge found that the physician's certifications, on their face, indicated the appellant could not perform the essential functions of his City Carrier position.  ID at 6.  The appellant does not challenge this finding on review, and we discern no reason to disturb it.  Importantly, he does not dispute that, based on the City Carrier job description and his physician's certifications, his position required him to lift more weight than his medical restrictions allowed.  IAF, Tab 7 at 15-16, 31.  After considering the circumstances of this appeal and the ELM sections described above, we find that the appellant has failed to make a nonfrivolous allegation that the agency acted improperly in requiring him to submit more detailed medical documentation and in deciding not to clear his return to work.

In addition, we agree with the administrative judge's finding that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's claims of prohibited personnel practices and harmful procedural errors.  PFR File, Tab 1 at 3; ID at 6-7; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  Although we have considered such claims to the extent they bear on the jurisdictional issue, for the

reasons discussed above and in the initial decision, we find that the appellant has failed to make a nonfrivolous allegation that any wrongful agency action precipitated his absence. *Cf. Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 20 (2015) (considering the appellant's discrimination and reprisal claims to the extent they related to the jurisdictional issue in a constructive suspension appeal), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). Because the appellant has failed to meet his jurisdictional burden, we decline to address his due process claim. PFR File, Tab 1 at 3; *cf. Abbott*, 121 M.S.P.R. 294, ¶ 8 (observing that, if an appellant establishes jurisdiction over a constructive suspension, the Board will reverse the agency's action on due process grounds without proceeding to the merits).

The appellant's remaining argument that he was not made part of the telephonic status conference does not provide a basis to disturb the initial decision. PFR File, Tab 1 at 3. In particular, he argues that he was not able to ask questions at the status conference, which harmed his ability to obtain a settlement or to convince the administrative judge to hold a hearing. *Id.* The appellant has failed to explain how his inability to attend the status conference constitutes an adjudicatory error, especially when the record reflects that his representative was in attendance. IAF, Tab 10 at 1. Moreover, in the Acknowledgment Order, the administrative judge informed the parties of the settlement process and told them that they could contact her to seek clarification. IAF, Tab 2 at 1, 7, 13-14. Further, in the Order and Summary of Telephonic Status Conference, she updated them on the status of settlement discussions and apprised them of what was required to obtain a hearing. IAF, Tab 10 at 1, 5-6. Thus, we find that the appellant has failed to show that his substantive rights were harmed by his inability to ask questions at the status conference. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Accordingly, we affirm the initial decision dismissing this appeal for lack of jurisdiction.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] The appellant does not dispute, and we discern no reason to disturb, the administrative judge's findings that the Board lacks jurisdiction over the appealed matter as a negative suitability determination or an alleged violation of his restoration rights under the Federal Employees' Compensation Act (FECA). ID at 6 n.5; *see, e.g., Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶¶ 9, 14 (2016) (finding that the appellant had no restoration rights under FECA based on a medical condition that was not job-related); *see also, e.g., Besemer v. U.S. Postal Service*, 77 M.S.P.R. 260, 263 n.2 (1998) (finding that an appellant who was a Postal Service employee had no right to appeal an alleged suitability determination based, in part, on the fact that Postal Service positions are in the excepted service).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.